IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MICHAEL KENT,

    Plaintiff,

v.

DOMTAR CORPORATION,
GIANNELLA ALVAREZ,
ROBERT E. APPLE,
DAVID J. ILLINGWORTH,
BRIAN M. LEVITT,
DAVID G. MAFFUCCI,
DENIS TURCOTTE, and
JOHN D. WILLIAMS

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Domtar Corporation ("Domtar" or the "Company") and the members of Domtar's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9.  By the action, plaintiff seeks to enjoin the vote on a proposed transaction, pursuant to which Paper Excellence B.V. ("Paper Excellence") will acquire Domtar through its affiliates Karta Halten B.V. ("Parent") and Pearl Merger Sub Inc. ("Merger Sub") (the "Proposed

Transaction").[1]

2. On May 11, 2021, Domtar and Paper Excellence issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated May 10, 2021 (the "Merger Agreement") to sell Domtar to Paper Excellence. Under the terms of the Merger Agreement, Domtar shareholders will receive $55.50 in cash for each share of Domtar common stock they own (the "Merger Consideration").[2]

3. On June 21, 2021, Domtar filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Domtar stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information critical and necessary to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[1] Non-party Paper Excellence, a private limited company organized under the laws of the Netherlands and registered in the Dutch trade register, is a wholly owned subsidiary of Fortune Everich Sdn Bhd., a Malaysian private company limited by shares ("Fortune"). Non-party Parent is a private limited company organized under the laws of the Netherlands and an affiliate of Paper Excellence. Non-party Merger Sub is a Delaware corporation and a wholly owned subsidiary of Parent.
[2] The value of the Proposed Transaction is approximately $3.0 billion.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (a) the Company maintains and operates a distribution center in this District; and (b) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Domtar.

10. Defendant Domtar is a Delaware corporation, with its principal executive offices located at 234 Kingsley Park Drive, Fort Mill, South Carolina 29715 and a distribution center located in Denver, Colorado. The Company is a leading provider of a wide variety of fiber-based products. Domtar's common stock trades on the New York Stock Exchange under the ticker symbol "UFS."

11. Defendant Giannella Alvarez ("Alvarez") has been a director of the Company since 2012.

12. Defendant Robert E. Apple ("Apple") is Chairman of the Board and has been a director of the Company since 2012.

13. Defendant David J. Illingworth ("Illingworth") has been a director of the Company

since 2013.

14.     Defendant Brian M. Levitt ("Levitt") has been a director of the Company since 2007.

15.     Defendant David G. Maffucci ("Maffucci") has been a director of the Company since 2011.

16.     Defendant Denis Turcotte ("Turcotte") has been a director of the Company since 2007.

17.     Defendant John D. Williams ("Williams") has been President, Chief Executive Officer ("CEO"), and a director of the Company since 2009.

18.     Defendants identified in paragraphs 11-17 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On May 11, 2021, Domtar and Paper Excellence issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> RICHMOND, British Columbia & FORT MILL, S.C.—May 11, 2021– Paper Excellence, a global diversified manufacturer of pulp and specialty, printing, writing, and packaging papers, and Domtar (NYSE: UFS) (TSX: UFS), a leading provider of fiber-based products, today announced that they have entered into a strategic business combination under which the Paper Excellence group of companies will acquire all of the issued and outstanding shares of Domtar common stock for $55.50 per share, in cash.
>
> The purchase price represents a premium of approximately 37% to Domtar's closing share price on May 3, 2021, the last trading day prior to the Domtar's statement responding to media reports regarding a potential business combination between Domtar and Paper Excellence, and a premium of approximately 44% to the 30-day volume-weighted average price as of May 3, 2021. The all-cash transaction represents an enterprise value of approximately $3.0 billion.
>
> After the transaction closes, Paper Excellence intends to continue the operations of Domtar as a stand-alone business entity. As such, Domtar will continue to be led by its management team and Paper Excellence plans to retain its corporate and production locations.
>
> Joe Ragan, Global Chief Financial Officer of Paper Excellence, commented, "We are excited to add Domtar and its employees to the Paper Excellence global family. This

4

marks a major step in our global strategy of identifying well-positioned assets and positioning them for growth. Domtar is a natural fit for our culture of operational excellence. We are enthusiastic about entering the American market as we continually improve Paper Excellence's ability to serve its expanding blue-chip customer base."

"We have long admired Domtar's expansive global footprint and believe that it will be a valuable addition to Paper Excellence. We look forward to investing in Domtar's assets and people for long-term growth," concluded Mr. Ragan.

"This agreement enables our shareholders to realize certain and immediate cash value at a significant premium for their shares," said John D. Williams, President and Chief Executive Officer of Domtar. "This transaction validates our long-term strategic plan for our leading paper and pulp businesses, and for our continued expansion into packaging."

"Our dedicated employees have been instrumental to Domtar's success and I am glad to see that this transaction supports the strategy that our team has worked so hard to develop over the last several years," continued Mr. Williams. "As part of Paper Excellence, we will build on that momentum."

**The Proxy Statement Contains Material Misstatements or Omissions**

20. Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Domtar's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

21. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the Company's financial projections and the financial analyses supporting the fairness opinion provided by the Company's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley"); and (b) Morgan Stanley's and Company insiders' potential conflicts of interest.

***Material Omissions Concerning the Company's Financial Projections and Morgan Stanley's Financial Analyses***

22. The Proxy Statement omits material information regarding the Company's financial projections, including the unlevered free cash flows Morgan Stanley utilized in its *Discounted Cash*

*Flow Analysis* for Domtar's business segments[3]

23. The Proxy Statement fails to disclose the line items underlying Domtar's unlevered free cash flows and EBITDA.

24. The Proxy Statement also omits material information regarding Morgan Stanley's financial analyses.

25. The Proxy Statement describes Morgan Stanley's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Morgan Stanley's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Domtar's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

26. For example, the Proxy Statement fails to disclose: (a) the terminal EBITDA and unlevered free cash flows over the projection period for Domtar's paper, pulp and corporate/other segments and the Kingsport operations; (b) the quantification of the inputs and assumptions underlying the discount rates ranging from 8.2% to 9.8%; and (c) quantification of the respective terminal values for the full-Company and the Kingsport operations with respect to Morgan Stanley's *Discounted Cash Flow Analysis*.

27. With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Proxy Statement fails to disclose a quantification of the inputs and assumptions underlying the discount rate of 10.0%.

28. Without such undisclosed information, Domtar stockholders cannot evaluate for

---

[3] These material omissions including the unlevered free cash flow projections for the Company's paper, pulp, and corporate/other segments, as well as the Kingsport operations.

themselves whether the financial analyses performed by Morgan Stanley were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction.  In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which Morgan Stanley's opinion and analyses should factor into their decision whether to vote in favor of the Proposed Transaction or seek appraisal.

29. The omission of this material information renders the statements in the "Forward-Looking Financial Information" and "Opinion of Morgan Stanley & Co. LLC" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's and Company Insiders' Potential Conflicts of Interest***

30. The Proxy Statement is materially deficient because it fails to disclose material information relating to Morgan Stanley's potential conflicts of interest, including the timing and nature of the services Morgan Stanley performed for the Company, as well as the details of any compensation Morgan Stanley has received, or expects to receive, as a lender to the Company.

31. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

32. The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by the Company's directors and executive officers, including whether Domtar's executive officers have secured employment with the combined company following completion of the Proposed Transaction.  The Proxy Statement further fails to disclose the details of any employment-related discussions and negotiations that occurred between Paper Excellence and Domtar management, including who participated in all such communications, when they occurred, and their content, as well as whether any of Paper Excellence's prior proposals or indications of

interest mentioned management retention with the combined company.

33. Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

34. The omission of this information renders the statements in the "Opinion of Morgan Stanley & Co. LLC," "Background of the Merger," and "Interests of Directors and Executive Officers in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

35. The Individual Defendants were aware of their duty to disclose this information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Domtar stockholders will be unable to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

36. Plaintiff repeats all previous allegations as if set forth in full.

37. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

38. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections, the financial analyses performed by the Company's financial advisor, and potential conflicts of interest faced by the Company's financial advisor and Company insiders. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

40. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

41. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of
### Section 20(a) of the Exchange Act

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of Domtar within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Domtar, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements

which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

46. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Domtar's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Domtar, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Domtar stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 19, 2021

OF COUNSEL:

**LONG LAW, LLC**
Brian D. Long
3828 Kennett Pike, Suite 120
Wilmington, DE 19807
(302) 729-9100
bdlong@longlawde.com

Respectfully submitted,

/s/ Richard A. Acocelli
Richard A. Acocelli
**WEISSLAW LLP**
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: racocelli@weisslawllp.com

*Attorneys for Plaintiff*